No. 23-11023

IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

STEVE BIGGERS,

*Plaintiff - Appellant*,

v.

RON MASSINGILL,

*Defendant - Appellee.*

On Appeal from the
United States District Court for the
Northern District of Texas, Fort Worth Division
Civil Action No. 4:23-CV-00359

APPELLANT
STEVE BIGGERS'S RECORD EXCERPT

Warren V. Norred
warren@norredlaw.com
NORRED LAW, PLLC
*Attorney for Appellant*

JANUARY 31, 2024

**TABLE OF CONTENTS**

1. Docket Sheet – ROA.1

2. Notice of Appeal – ROA.292

3. Final Judgment and Order Granting Motion to Dismiss – ROA.285-291

**CERTIFICATE OF SERVICE**

FED. R. APP. P 25(D)

I certify that on January 31, 2024, the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure on all registered counsel of record, and has been transmitted to the Clerk of the Court, including:

David Iglesias, david@iglesiaslawfirm.com
James Evans III, jim@iglesiaslawfirm.com

/s/ Warren V. Norred
Warren V. Norred

1. Docket Sheet – ROA.1

# U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:23–cv–00359–P

Biggers v. Massingill
Assigned to: Judge Mark Pittman
Cause: 28:2201 Injunction

Date Filed: 04/14/2023
Date Terminated: 09/08/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Steve Biggers**

represented by **Warren V Norred**
Norred Law PLLC
515 E Border Street
Arlington, TX 76010
817–704–3984
Fax: 817–524–6686
Email: warren@norredlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ron Massingill**

represented by **David Ryan Herring Iglesias**
Iglesias Law Firm, PLLC
605 Chase Drive
Suite 8
Tyler, TX 75701
903–944–7185
Email: david@iglesiaslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Evans , III**
Iglesias Law Firm PLLC
605 Chase Drive
Suite 8
Tyler, TX 75701
903–944–7185
Fax: 903–630–5538
Email: jim@iglesiaslawfirm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2023 | 1 | COMPLAINT WITH JURY DEMAND against All Defendants filed by Steve Biggers. (Filing fee $402; Receipt number ATXNDC–13664617) Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information – Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Norred, Warren) (Entered: 04/14/2023) |

| 04/14/2023 | 2 | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (saw) (Entered: 04/14/2023) |
|---|---|---|
| 04/14/2023 | 3 | Summons Issued as to Ron Massingill. (saw) (Entered: 04/14/2023) |
| 04/14/2023 | 4 | ADDITIONAL ATTACHMENTS to 1 Complaint,,,, 2 Pittman, 3 Summons Issued by Plaintiff Steve Biggers. (Attachments: # 1 Cover Sheet) (Norred, Warren) (Entered: 04/14/2023) |
| 04/14/2023 | 5 | MOTION for Preliminary Injunctive Relief (see doc 1 for document), filed by Steve Biggers. (sre) (Entered: 04/14/2023) |
| 04/14/2023 | 6 | ORDER: Before the Court is Plaintiff's Original Complaint and Application for Preliminary Injunctive Relief. ECF No. 1 . In the complaint, Plaintiff requests that this Court execute what amounts to an ex parte temporary restraining order ("TRO"). For the following reasons, the Court DENIES plaintiff's request. The Court thus DENIES Plaintiff's Motion for an ex parte TRO. ECF No. 1 . (Ordered by Judge Mark Pittman on 4/14/2023) (sre) (Entered: 04/14/2023) |
| 04/20/2023 | 7 | WAIVER OF SERVICE Returned Executed as to Ron Massingill. Waiver sent on 4/14/2023. (Norred, Warren) (Entered: 04/20/2023) |
| 06/13/2023 | 8 | MOTION to Dismiss *Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* filed by Ron Massingill Attorney David Ryan Herring Iglesias added to party Ron Massingill(pty:dft) (Iglesias, David) (Entered: 06/13/2023) |
| 06/13/2023 | 9 | Appendix in Support filed by Ron Massingill re 8 MOTION to Dismiss *Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* (Iglesias, David) (Entered: 06/13/2023) |
| 06/13/2023 | 10 | Notice of Manual Filing of Notice of Manual Filing by Ron Massingill re 9 Appendix in Support *of Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* (Iglesias, David) (Entered: 06/13/2023) |
| 06/14/2023 | 11 | NOTICE of Attorney Appearance by James Arthur Evans, III on behalf of Ron Massingill. (Filer confirms contact info in ECF is current.) (Evans, James) (Entered: 06/14/2023) |
| 06/15/2023 | 12 | Received USB drives filed by Ron Massingill re: 10 Notice of Manual Filing. Items placed on shelf in Clerk's office file room under separate cover. (bdb) (Entered: 06/21/2023) |
| 07/05/2023 | 13 | AMENDED COMPLAINT WITH JURY DEMAND against All Defendants filed by Steve Biggers. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information – Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Norred, Warren) (Entered: 07/05/2023) |
| 07/05/2023 | 14 | RESPONSE AND OBJECTION filed by Steve Biggers re: 8 MOTION to Dismiss *Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* (Norred, Warren) (Entered: 07/05/2023) |
| 07/06/2023 | 15 | ORDER: Proposed Scheduling Order due by 7/20/2023. (Ordered by Judge Mark Pittman on 7/6/2023) (sre) (Entered: 07/06/2023) |
| 07/19/2023 | 16 | MOTION to Strike 13 Amended Complaint,, filed by Ron Massingill (Iglesias, David) (Entered: 07/19/2023) |
| 07/19/2023 | 17 | Supplemental MOTION to Dismiss filed by Ron Massingill (Iglesias, David) (Entered: 07/19/2023) |
| 07/19/2023 | 18 | Notice of Manual Filing of Appendix Exhibits by Ron Massingill (Iglesias, David) (Entered: 07/19/2023) |

| 07/19/2023 | 19 | Appendix in Support filed by Ron Massingill re 17 Supplemental MOTION to Dismiss (Iglesias, David) (Entered: 07/19/2023) |
|---|---|---|
| 07/20/2023 | 20 | MOTION to Stay *DISCOVERY PENDING A RULING ON HIS MOTION TO DISMISS* filed by Ron Massingill (Iglesias, David) (Entered: 07/20/2023) |
| 07/20/2023 | 21 | Proposal for contents of scheduling and discovery order *Joint 26(f) Report* by Ron Massingill. (Iglesias, David) (Entered: 07/20/2023) |
| 07/25/2023 | 22 | ELECTRONIC ORDER denying 16 Motion to Strike 13 Amended Complaint. (Ordered by Judge Mark Pittman on 7/25/2023) (rjh) (Entered: 07/25/2023) |
| 07/25/2023 | 23 | ORDER: Before the Court is Plaintiff's 5 Motion for a Preliminary Injunction. Responses due by 7/31/2023. Replies due by 8/2/2023. The Court further SETS a preliminary injunction hearing for August 7, 2023, at 12:00 p.m. (Ordered by Judge Mark Pittman on 7/25/2023) (mmw) (Entered: 07/25/2023) |
| 07/31/2023 | 24 | RESPONSE filed by Ron Massingill re: 5 MOTION for Injunction (Iglesias, David) (Entered: 07/31/2023) |
| 07/31/2023 | 25 | Notice of Manual Filing of Appendix Exhibits by Ron Massingill (Iglesias, David) (Entered: 07/31/2023) |
| 07/31/2023 | 26 | Appendix in Support filed by Ron Massingill re 24 Response/Objection *to Plaintiff's Motion for Injunctive Relief* (Iglesias, David) (Entered: 07/31/2023) |
| 08/01/2023 | 27 | NOTICE of *Withdrawal of Injunctive Relief Claim* re: 13 Amended Complaint,, filed by Steve Biggers (Norred, Warren) (Entered: 08/01/2023) |
| 08/04/2023 | 28 | ORDER: Before the Court is Plaintiff's Notice of Withdrawal of his request for Injunctive Relief (ECF No. 27 ). In it, Plaintiff notified the Court that Defendant no longer seeks to engage in the conduct he sought to enjoin. ECF No. 27 at 1. Accordingly, the Court hereby CANCELS the Preliminary Injunction hearing in this matter originally set for Monday, August 7, 2023. See ECF No. 23 . (Ordered by Judge Mark Pittman on 8/4/2023) (sre) (Entered: 08/04/2023) |
| 08/10/2023 | 29 | ELECTRONIC ORDER denying 20 Motion to Stay. (Ordered by Judge Mark Pittman on 8/10/2023) (rjh) Modified on 8/11/2023 (sre). (Entered: 08/10/2023) |
| 08/10/2023 | 30 | NOTICE of *Initial Disclosures* filed by Ron Massingill (Iglesias, David) (Entered: 08/10/2023) |
| 08/28/2023 | 31 | MOTION for Reconsideration re 29 Order on Motion to Stay filed by Ron Massingill (Iglesias, David) (Entered: 08/28/2023) |
| 08/28/2023 | 32 | Brief/Memorandum in Support filed by Ron Massingill re 31 MOTION for Reconsideration re 29 Order on Motion to Stay (Iglesias, David) (Entered: 08/28/2023) |
| 08/31/2023 | 33 | ELECTRONIC ORDER granting 31 Motion for Reconsideration re 31 MOTION for Reconsideration re 29 Order on Motion to Stay. All discovery and deadlines in this case are hereby STAYED until the issue of qualified immunity is resolved. (Ordered by Judge Mark Pittman on 8/31/2023) (rjh) (Entered: 08/31/2023) |
| 09/08/2023 | 34 | OPINION & ORDER: Before the Court is Defendants Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 8 . For the reasons stated below, the Court concludes that Defendants motion is GRANTED. (Ordered by Judge Mark Pittman on 9/8/2023) (sre) (Entered: 09/08/2023) |
| 09/08/2023 | 35 | FINAL JUDGMENT: This judgment is issued pursuant to Federal Rule of Civil Procedure 58(a). In accordance with the Courts Opinion and Order dated the same day (ECF No. 34 ), it is ORDERED that this case is DISMISSED with prejudice. The Clerk of the Court shall transmit a true copy of this judgment to the parties. (Ordered by Judge Mark Pittman on 9/8/2023) (sre) (Entered: 09/08/2023) |
| 10/03/2023 | 36 | NOTICE OF APPEAL as to 35 Judgment, to the Fifth Circuit by Steve Biggers. Filing fee $505, receipt number ATXNDC–14075744. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. |

| | | Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non−ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Norred, Warren) (Entered: 10/03/2023) |

2. Notice of Appeal – ROA.292

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION**

| | | |
|---|---|---|
| **STEVE BIGGERS,** | § | |
| *Plaintiff,* | § | |
| | § | **4:23-cv-00359-P** |
| **v.** | § | |
| | § | |
| **RON MASSINGILL,** | § | **JURY DEMANDED** |
| *Defendant.* | § | |

## PLAINTIFF STEVE BIGGERS'S NOTICE OF APPEAL

COMES NOW Plaintiff Steve Biggers and, pursuant to Fed. R. App. P. 3, files notice of his intent to appeal this Court's Final Judgment (ECF No. 35) in the instant case. This appeal is taken by Plaintiff to the 5th Circuit Court of Appeals in New Orleans, Louisiana.

Respectfully submitted,

/s/ *Warren V. Norred*
Warren V. Norred, TBN 24045094, warren@norredlaw.com
**Norred Law, PLLC;** 515 East Border Street; Arlington, TX 76010;
(817) 704-3984 (Telephone); (817) 524-6686 (Fax)
*Counsel for Plaintiff*


### CERTIFICATE OF SERVICE

I certify that on October 3, 2023, I electronically filed this notice with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to David Iglesias and James A. Evans III, counsel for the defendant, through their email, david@iglesiaslawfirm.com and jim@iglesiaslawfirm.com, respectively.

/s/*Warren V. Norred*
Warren V. Norred

3. Final Judgment and Order Granting Motion to Dismiss – ROA.285-291

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVE BIGGERS,

    Plaintiff,

v.

                                         **No. 4:23-cv-0359-P**

RON MASSINGILL,

    Defendant.

## FINAL JUDGMENT

    This judgment is issued pursuant to Federal Rule of Civil Procedure 58(a). In accordance with the Court's Opinion and Order dated the same day (ECF No. 34), it is **ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of the Court shall transmit a true copy of this judgment to the parties.

    **SO ORDERED** on this **8th day of September 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVE BIGGERS,

    Plaintiff,

v.                                                    No. 4:23-cv-0359-P

RON MASSINGILL,

    Defendant.

## OPINION & ORDER

    Before the Court is Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 8. For the reasons stated below, the Court concludes that Defendant's motion is **GRANTED.**

## BACKGROUND

    This case arises from Plaintiff's series of appearances at the Hood County, Texas Commissioners' Court. Since 2021, the court's meetings have been governed by its "Rules of Procedure, Conduct, and Decorum at Meetings" (the "Public Comment Rule"). The Public Comment Rule allows any member of the public to register and speak on any agenda item of the meeting at which the speaker appears. But at the first regularly scheduled meeting of each month, speakers may use their public comment to address any other, non-agenda topic they wish.

    In addition to regulating discussion topics, the Public Comment Rule addresses meeting decorum. Part IV(f) provides that:

> It is not the intention of the Hood County Commissioners' Court to provide a public forum for the demeaning of any individual or group. Neither is it the intention of the Court to allow a member (or members) of the public to insult the honesty and/or integrity of the Court, as a body, or any member or members of the Court, individually or

collectively. Accordingly, profane, insulting, or threatening language directed toward the Court and/or any person in the Court's presence and/or racial, ethnic, or gender slurs or epithets will not be tolerated. **These Rules do not prohibit public criticism of the Commissioners' Court, including criticism of any act, omission, policy, procedure, program, or service.**

ECF No. 1 at 16 (emphasis in original).

Beginning in 2022, Plaintiff appeared in a series of public comment periods criticizing various policies of the court, and he alleges that these critiques began to draw Defendant's "ire." The parties' animosity peaked at a December 2022 court meeting, where Plaintiff used his public comment to confront Defendant with a recorded conversation caught by an inadvertently hot microphone at the previous month's meeting. The conversation allegedly included Defendant's gloating about having Plaintiff removed from prior public meetings for his disruptiveness, and political remarks concerning the dawn of a "new Republican Party"—purportedly to be led by Defendant, a county judge.

Plaintiff alleges that, as he took the podium to play the recording, Defendant spoke over him and threatened to have Plaintiff removed or arrested. Defendant cited Part IV(f)'s clause which repudiates public comments that attempt to undermine the personal integrity or honesty of individual commissioners.

Plaintiff returned to the court's January 2023 meeting, where he again attempted to unveil the revelations of Defendant's recorded conversation. According to video evidence and Plaintiff's allegations, Defendant immediately began ordering a rather idle sheriff's deputy—no doubt familiar with the parties' personal history—to remove Plaintiff from the meeting. Plaintiff alleges he was unable to finish his remarks.

Plaintiff sued, contending that his removal from the meeting violated his First Amendment right to be free from viewpoint discrimination in

a limited public forum and the Equal Protection Clause of the Fourteenth Amendment. Defendant filed the instant motion to dismiss.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a suit when the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject-matter jurisdiction can be found in: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6) a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court, in turn, must accept all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). If there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

Defendant contends that Plaintiff's claims fail as a matter of law because he is entitled to qualified immunity. *See* ECF No. 8 at 21.

Government officials performing discretionary functions generally are shielded from suit if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021). "The protection of qualified immunity applies regardless

---

[1] Defendant filed both the instant motion to dismiss (ECF No. 8), and a separate document that he labelled his "Alternative First Supplemental Motion to Dismiss" (ECF No. 17). The Court is unsure what Defendant means by filing his "alternative first supplemental motion:" whether he would like the Court to consider it instead of his original, how many alternatives he intends to file, or what he intends to supplement. But the Court generally believes that "one is enough" when it comes to dispositive motions. Thus, the Court will only consider his original motion (ECF No. 8) and the associated briefing thereto.

of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When a defendant invokes qualified immunity, the burden then rests on the plaintiff to demonstrate that qualified immunity is inapplicable. *Ramirez*, 3 F.4th at 133.

To defeat a defendant's assertion of qualified immunity, a plaintiff must show: (1) the violation of a constitutional or statutory right, and (2) that the right in question was clearly established at the time of the alleged violation—the district court may address either prong first. *Id.*; *Pearson*, 555 U.S. at 236. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). For the purposes of a qualified immunity analysis, the reasonableness of the official's conduct and the clarity of the right in question are merged into one question. *Ramirez*, 3 F.4th at 133–34.

Here, the Court will not address whether Plaintiff's First Amendment rights have been violated because any right was not clear enough to overcome Defendant's qualified immunity. Thus, the Court will first address whether a reasonable commissioner in Defendant's position would have clearly understood that removing a similarly situated speaker violates that speaker's First or Fourteenth Amendment rights.

Applicable jurisprudence supports a fair assumption that a reasonable presiding officer would not recognize that removing a speaker for an alleged decorum violation clearly runs afoul of the First or Fourteenth Amendments. *See Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 345–47 (5th Cir. 2001) (opining that there is disagreement over the meaning of "designated public forum" and "limited public forum," that there is often "confusion" over their application, and affirming that "nonpublic" and "private" are technically—somehow— opposites); *see also Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 761 (5th Cir. 2010) (opining that "[w]here boundary lines of forum use cross to content and viewpoint discrimination can be elusive, and we do

not suggest that in application a content-neutral rule cannot offend"—whatever that means).

What is clear is that the government can restrict access to limited public forums if the restrictions are reasonable and do not suppress expression *solely* based on the official's opposing view to the speaker. *Chiu*, 260 F.3d at 346. And that such local meeting policies regulating the decorum of speakers have been upheld as neutral and non-viewpoint-discriminatory under the First Amendment. *Fairchild*, 597 F.3d at 760.

Indeed, a recent case in the Northern District almost identical to the one before this Court concluded that the removal of a citizen speaker for personally confronting a member of the Dallas County Commissioners' Court during his public comment did not violate his Equal Protection rights. *Stein v. Dallas Cnty.*, 2023 WL 2700720, at *4 (N.D. Tex. Mar. 29, 2023) (Fitzwater, J.). There, a locally notorious political activist used his public comment to question a commissioner about an article written in *D Magazine* highlighting the commissioner's college-aged criminal activity. *Id.*, at *1. The commissioner removed the speaker, citing the Dallas County Code provision prohibiting citizens at public meetings from "demeaning an individual or an organization." *Id.*, at *3. The court held that the plaintiff was not similarly situated to other participants at the meeting because his purported violation of the rule differentiated him from other speakers and provided the commissioner a rational basis to cut his presentation short. *Id.* Thus, the court concluded that his removal was permissible under the Fourteenth Amendment. *Id.*

This sampling alone shows that where a speaker is removed for running afoul of a public body's codified decorum rules and its stated intent behind its public comment period, it is not sufficiently clear that his removal violates a constitutional right. Under current precedent, a reasonable, similarly situated presiding officer of a local public meeting may have the understanding that he could take the actions Defendant did here. And even if Defendant were mistaken about the law or the facts, "[t]he protection of qualified immunity applies regardless." *Pearson*, 555 U.S. at 231.

5

## CONCLUSION

Viewing Plaintiff's allegations in the light most favorable to him, he fails to establish that Defendant would have clearly understood that removing him from the public meeting violated the First or Fourteenth Amendments. Thus, Plaintiff cannot overcome Defendant's qualified immunity. To the extent that Plaintiff raises other issues under the Texas Constitution or Texas public meeting laws, those issues are better resolved in the Texas state courts.

Accordingly, Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED.** The Court hereby **ORDERS** that this case is **DISMISSED with prejudice.**

**SO ORDERED** on this **8th day of September 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVE BIGGERS,

    Plaintiff,

v.                                                        No. 4:23-cv-0359-P

RON MASSINGILL,

    Defendant.

## OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 8. For the reasons stated below, the Court concludes that Defendant's motion is **GRANTED.**

## BACKGROUND

This case arises from Plaintiff's series of appearances at the Hood County, Texas Commissioners' Court. Since 2021, the court's meetings have been governed by its "Rules of Procedure, Conduct, and Decorum at Meetings" (the "Public Comment Rule"). The Public Comment Rule allows any member of the public to register and speak on any agenda item of the meeting at which the speaker appears. But at the first regularly scheduled meeting of each month, speakers may use their public comment to address any other, non-agenda topic they wish.

In addition to regulating discussion topics, the Public Comment Rule addresses meeting decorum. Part IV(f) provides that:

> It is not the intention of the Hood County Commissioners' Court to provide a public forum for the demeaning of any individual or group. Neither is it the intention of the Court to allow a member (or members) of the public to insult the honesty and/or integrity of the Court, as a body, or any member or members of the Court, individually or

collectively. Accordingly, profane, insulting, or threatening language directed toward the Court and/or any person in the Court's presence and/or racial, ethnic, or gender slurs or epithets will not be tolerated. **These Rules do not prohibit public criticism of the Commissioners' Court, including criticism of any act, omission, policy, procedure, program, or service.**

ECF No. 1 at 16 (emphasis in original).

Beginning in 2022, Plaintiff appeared in a series of public comment periods criticizing various policies of the court, and he alleges that these critiques began to draw Defendant's "ire." The parties' animosity peaked at a December 2022 court meeting, where Plaintiff used his public comment to confront Defendant with a recorded conversation caught by an inadvertently hot microphone at the previous month's meeting. The conversation allegedly included Defendant's gloating about having Plaintiff removed from prior public meetings for his disruptiveness, and political remarks concerning the dawn of a "new Republican Party"— purportedly to be led by Defendant, a county judge.

Plaintiff alleges that, as he took the podium to play the recording, Defendant spoke over him and threatened to have Plaintiff removed or arrested. Defendant cited Part IV(f)'s clause which repudiates public comments that attempt to undermine the personal integrity or honesty of individual commissioners.

Plaintiff returned to the court's January 2023 meeting, where he again attempted to unveil the revelations of Defendant's recorded conversation. According to video evidence and Plaintiff's allegations, Defendant immediately began ordering a rather idle sheriff's deputy— no doubt familiar with the parties' personal history—to remove Plaintiff from the meeting. Plaintiff alleges he was unable to finish his remarks.

Plaintiff sued, contending that his removal from the meeting violated his First Amendment right to be free from viewpoint discrimination in

a limited public forum and the Equal Protection Clause of the Fourteenth Amendment. Defendant filed the instant motion to dismiss.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a suit when the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject-matter jurisdiction can be found in: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6) a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court, in turn, must accept all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). If there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

Defendant contends that Plaintiff's claims fail as a matter of law because he is entitled to qualified immunity. *See* ECF No. 8 at 21.

Government officials performing discretionary functions generally are shielded from suit if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021). "The protection of qualified immunity applies regardless

---

[1] Defendant filed both the instant motion to dismiss (ECF No. 8), and a separate document that he labelled his "Alternative First Supplemental Motion to Dismiss" (ECF No. 17). The Court is unsure what Defendant means by filing his "alternative first supplemental motion:" whether he would like the Court to consider it instead of his original, how many alternatives he intends to file, or what he intends to supplement. But the Court generally believes that "one is enough" when it comes to dispositive motions. Thus, the Court will only consider his original motion (ECF No. 8) and the associated briefing thereto.

of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When a defendant invokes qualified immunity, the burden then rests on the plaintiff to demonstrate that qualified immunity is inapplicable. *Ramirez*, 3 F.4th at 133.

To defeat a defendant's assertion of qualified immunity, a plaintiff must show: (1) the violation of a constitutional or statutory right, and (2) that the right in question was clearly established at the time of the alleged violation—the district court may address either prong first. *Id.*; *Pearson*, 555 U.S. at 236. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). For the purposes of a qualified immunity analysis, the reasonableness of the official's conduct and the clarity of the right in question are merged into one question. *Ramirez*, 3 F.4th at 133–34.

Here, the Court will not address whether Plaintiff's First Amendment rights have been violated because any right was not clear enough to overcome Defendant's qualified immunity. Thus, the Court will first address whether a reasonable commissioner in Defendant's position would have clearly understood that removing a similarly situated speaker violates that speaker's First or Fourteenth Amendment rights.

Applicable jurisprudence supports a fair assumption that a reasonable presiding officer would not recognize that removing a speaker for an alleged decorum violation clearly runs afoul of the First or Fourteenth Amendments. *See Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 345–47 (5th Cir. 2001) (opining that there is disagreement over the meaning of "designated public forum" and "limited public forum," that there is often "confusion" over their application, and affirming that "nonpublic" and "private" are technically—somehow— opposites); *see also Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 761 (5th Cir. 2010) (opining that "[w]here boundary lines of forum use cross to content and viewpoint discrimination can be elusive, and we do

not suggest that in application a content-neutral rule cannot offend"—whatever that means).

What is clear is that the government can restrict access to limited public forums if the restrictions are reasonable and do not suppress expression *solely* based on the official's opposing view to the speaker. *Chiu*, 260 F.3d at 346. And that such local meeting policies regulating the decorum of speakers have been upheld as neutral and non-viewpoint-discriminatory under the First Amendment. *Fairchild*, 597 F.3d at 760.

Indeed, a recent case in the Northern District almost identical to the one before this Court concluded that the removal of a citizen speaker for personally confronting a member of the Dallas County Commissioners' Court during his public comment did not violate his Equal Protection rights. *Stein v. Dallas Cnty.*, 2023 WL 2700720, at *4 (N.D. Tex. Mar. 29, 2023) (Fitzwater, J.). There, a locally notorious political activist used his public comment to question a commissioner about an article written in *D Magazine* highlighting the commissioner's college-aged criminal activity. *Id.*, at *1. The commissioner removed the speaker, citing the Dallas County Code provision prohibiting citizens at public meetings from "demeaning an individual or an organization." *Id.*, at *3. The court held that the plaintiff was not similarly situated to other participants at the meeting because his purported violation of the rule differentiated him from other speakers and provided the commissioner a rational basis to cut his presentation short. *Id.* Thus, the court concluded that his removal was permissible under the Fourteenth Amendment. *Id.*

This sampling alone shows that where a speaker is removed for running afoul of a public body's codified decorum rules and its stated intent behind its public comment period, it is not sufficiently clear that his removal violates a constitutional right. Under current precedent, a reasonable, similarly situated presiding officer of a local public meeting may have the understanding that he could take the actions Defendant did here. And even if Defendant were mistaken about the law or the facts, "[t]he protection of qualified immunity applies regardless." *Pearson*, 555 U.S. at 231.

**CONCLUSION**

Viewing Plaintiff's allegations in the light most favorable to him, he fails to establish that Defendant would have clearly understood that removing him from the public meeting violated the First or Fourteenth Amendments. Thus, Plaintiff cannot overcome Defendant's qualified immunity. To the extent that Plaintiff raises other issues under the Texas Constitution or Texas public meeting laws, those issues are better resolved in the Texas state courts.

Accordingly, Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED.** The Court hereby **ORDERS** that this case is **DISMISSED with prejudice.**

**SO ORDERED** on this **8th day of September 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

6